Natu J. Patel, SBN 188618
Jason Chuan, SBN 261868
Daniel H. Ngai, SBN 302297
**THE PATEL LAW FIRM, P.C.**
22952 Mill Creek Drive
Laguna Hills, California 92653
Phone:        949.955.1077
Facsimile:   949.955.1877
NPatel@thePatelLawFirm.com

Attorneys for Plaintiff,
Starbuzz Tobacco, Inc.,
a California corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California corporation, | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT FOR: |
| | ) |
| vs. | ) 1. TRADEMARK INFRINGEMENT (UNDER 15 U.S.C. §1114); |
| | ) |
| SIS RESOURCES LTD., an Israeli corporation, NU MARK LLC, a Virginia limited liability company, | ) 2. FALSE DESIGNATION OF ORIGIN (UNDER 15 U.S.C. §1125); |
| | ) |
| Defendants. | ) 3. UNFAIR BUSINESS PRACTICES (UNDER BUS. & PROF. CODE §17200 et seq.); AND |
| | ) |
| | ) 4. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION |
| | ) |
| | ) DEMAND FOR JURY TRIAL |
| | ) |
| | ) |

Plaintiff, Starbuzz Tobacco, Inc. complains and alleges as follows:

## PARTIES

1.      Plaintiff, Starbuzz Tobacco, Inc. ("Starbuzz" or "Plaintiff"), is now, and at all times relevant herein was, a corporation organized under the laws of the State of California, with its principal place of business in the City of Garden Grove, California.

2.      Defendant, SIS Resources LTD. ("SIS Resources"), is now, and at all times relevant herein was, a corporation organized under the laws of Israel, with its principal place of business at 9/2 Nahal Arugot St., Ramat Beit Shemesh, Israel 99097.  Starbuzz is informed and believes, and on that basis alleges, that SIS Resources is the owner of the infringing MOCHA MIST trademark which it uses and displays in this judicial district.

3.      Defendant Nu Mark LLC ("Nu Mark") is now, and at all times relevant herein was, a limited liability company organized under the laws of the State of Virginia, with its principal place of business at 6603 W. Broad Street, Richmond, Virginia 23260.  Defendant Nu Mark does business within this judicial district through its website www.greensmoke.com which displays the infringing MOCHA MIST trademark to consumers in this judicial district.

4.     Starbuzz is informed and believes, and on that basis alleges, that in April 2014, Nu Mark acquired the original owner of the www.greensmoke.com website, namely Green Smoke, LLC.

5.     SIS Resources and Nu Mark are collectively referred to as "Defendants."

6.     Starbuzz is informed and believes, and on that basis alleges, that Defendants are responsible for each of their acts and for their conduct, which are the true legal causes for the damages herein alleged.

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§1119 and 1121, and 28 U.S.C. §§1331 and 1338, in that this Complaint raises federal questions under the United States Trademark Act (Lanham Act), 15 U.S.C. §1051 et seq.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

8.     The Court has personal jurisdiction over Defendants because they have purposefully engaged in using trademarks that are identical to, and confusingly similar to, Starbuzz's trademarks in connection with the sale and distribution of electronic cigarettes and e-liquids.  Since Starbuzz's registered trademarks provide constructive notice of Starbuzz's intellectual property rights and Starbuzz's location, Defendants knew or should have known that their

activities were directed towards California, and the effect of those activities would be felt in California.

9.     The Court also has personal jurisdiction over Defendants because Defendants have engaged in business activities in and directed to California, and have committed tortious acts within the State.

10.    The Court also has personal jurisdiction over Defendants because they have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.  The Complaint arises out of those commercial activities.

11.    Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) in that substantial injury occurred and continues to occur in this district, a substantial portion of the events that are the subject of this action took place in this district, and Defendants are doing business within this judicial district and are subject to personal jurisdiction in this district.

## AGENCY

12.    At all times herein mentioned, each Defendant was the agent, servant, joint venturer, partner, or employee of the other Defendants, successor corporations, successors in interest, or entities and, in doing the things herein alleged, were acting within the purpose and scope of said agency or employment at the time of the incident.  All Defendants were acting within the scope and course

of that agency and employment and with the knowledge and implied and/or express consent and permission of the other Defendants.

## INTRODUCTION

13.     This case alleges a straightforward yet egregious claim of trademark infringement, and other violations of federal and state law.  It is egregious because Defendants have intentionally duplicated, adopted, and used trademarks that are identical or substantially similar to Starbuzz's trademarks in their products with blatant disregard to Starbuzz's intellectual property rights, in order to unfairly compete with Starbuzz and to trade upon Starbuzz's goodwill.

14.     As a manufacturer and supplier of premium hookah tobacco, as well as a distributor of hookahs, electronic cigarettes, electronic vaporizers, e-liquids and other products worldwide, Starbuzz has obtained over ninety (90) federally registered trademarks in the United States and has sought to obtain worldwide intellectual property protection in more than thirty-three (33) countries.

15.     Over the past several years, Starbuzz has sold, and continues to sell, tobacco products, electronic cigarettes, e-liquid, and electronic vaporizers bearing one or more of the following trademarks: BLUE MIST and CITRUS MIST. Starbuzz's aforementioned marks are collectively referred to as the "Starbuzz Marks."

16.    Starbuzz discovered that Defendants are using trademarks that are identical or substantially similar to the Starbuzz Marks in connection with Defendants' products.

17.    Defendants are not affiliated with Starbuzz in any way, and do not have Starbuzz's permission to use the Starbuzz Marks, or any mark that is confusingly similar to the Starbuzz Marks.

18.    Defendants intentionally adopted and use the confusingly similar trademark MOCHA MIST in connection with electronic cigarettes, cartridges, and vaporizers (the "Infringing Products"), to falsely convey to consumers, vendors, and third parties an association with Starbuzz, and to unfairly trade and benefit from the reputation and goodwill of Starbuzz's business and the Starbuzz Marks.

19.    On February 12, 2013, Defendant SIS Resources filed a trademark application, serial no. 85/846,992 for the MOCHA MIST trademark under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(a), alleging a date of first use of September 19, 2010.  The MOCHA MIST trademark is referred to herein as the "Infringing Mark."

20.    Defendants are aware that their actions are specifically prohibited and are on notice that Starbuzz has not consented to their actions in any way.

21.    By this Complaint, Starbuzz seeks to prevent deception, consumer confusion, mistake, annoyance, and loss of customer goodwill, and to protect its intellectual property and reputation from intentional infringement.

22.    Starbuzz files this civil action against Defendants for violations of the United States Trademark Act (Lanham Act), 15 U.S.C. §1051 et seq., and related state and common law claims.

**FACTS**

**OWNERSHIP OF THE STARBUZZ MARKS**

23.    For the past several years, Starbuzz has been using the Starbuzz Marks in commerce.

24.    Starbuzz also registered with the United States Patent and Trademark Office ("USPTO") the following marks for various tobacco and related products:

| **Trademark** | **Reg. No.** | **Register** | **First Use At Least As Early As** | **Exhibit** |
|---|---|---|---|---|
| BLUE MIST | 3,619,407 | Principal | December 1, 2006 | **A** |
| CITRUS MIST | 3,695,500 | Principal | March 4, 2008 | **B** |

25.    At all times relevant herein, Starbuzz has been, and still is, the owner of the exclusive rights, title, and interest in the Starbuzz Marks for tobacco and other related products, and has the full and exclusive rights to bring suit to enforce its trademark rights, including the right to recover for past infringement.

## STARBUZZ'S CONTINUOUS USE OF ITS MARKS

26.     Starbuzz manufactures, distributes, imports, and sells tobacco products throughout the United States and internationally.  Starbuzz also distributes and sells tobacco alternative products, such as electronic cigarettes, e-liquids, and other related products throughout the United States and internationally.  Starbuzz prides itself on its reputation for high-quality products.  Starbuzz's continued goal is to develop new and popular tobacco, tobacco alternatives, and other related products while preserving the quality of its products and brand identity.

27.     Starbuzz sells its products to thousands of customers and clients, including boutique stores, wholesalers, and suppliers.  Starbuzz has used, created and marketed the Starbuzz Marks continuously over the years.  The Starbuzz Marks have brought Starbuzz enormous success, and Starbuzz is now known for its high quality products.

28.     Starbuzz uses the Starbuzz Marks on advertising brochures, advertising leaflets, on the Internet, and on the packaging of its products.

29.     Starbuzz's intellectual property and brand identity have substantial image recognition.

30.     The Starbuzz Marks are important as they serve as easily-recognizable identifiers of the high quality goods and services that Starbuzz offers.  There is a

particularly close association among consumers between Starbuzz, the Starbuzz Marks, and the quality of the products and services offered under the Starbuzz Marks.  For consumers, customers, vendors, and clients, the Starbuzz Marks are associated with original, flavorful, and smooth smoking tobacco, tobacco alternatives, and related products of the highest quality at an affordable price.

## DEFENDANT'S WRONGFUL ACTS

### Sales of Infringing Products

31.      Starbuzz is informed and believes, and on that basis alleges, that Defendants have sold and are currently selling, distributing, advertising and promoting the Infringing Products on the website www.greensmoke.com.  Plaintiff is informed and believes, and thereon alleges, that Nu Mark distributes SIS Resources' products throughout the United States, including California, through that website.  True and correct copies of printouts from various parts of the website www.greensmoke.com are attached hereto as **Exhibit C**.

32.      Starbuzz is informed and believes, and on that basis alleges, that Defendants have continuously and systematically distributed the Infringing Products throughout California and the United States, misled and confused consumers, and negatively affected the publicity regarding the Starbuzz products.

33.     Starbuzz is informed and believes, and on that basis alleges, that Defendants are using the Infringing Mark to market, promote, advertise and sell the Infringing Products.

34.     Starbuzz is informed and believes, and on that basis alleges, that Defendants knew of Starbuzz's prior use of the Starbuzz Marks by virtue of Starbuzz's trademark registrations and reputation in the tobacco market.

35.     Nonetheless, Defendants adopted the Infringing Mark to market and sell the Infringing Products, to deceive consumers into believing that the Infringing Products are produced and manufactured by Starbuzz, and to trade upon Starbuzz's goodwill.

Defendants' Use of the Infringing Mark is Likely to Cause Consumer Confusion

36.     Defendants' distribution and sale of the Infringing Products bearing the Infringing Mark is likely to cause consumer confusion.

37.     To date, Defendants are continuing with their infringing activity.

38.     Starbuzz is informed and believes, and on that basis alleges, that Defendants began using the Infringing Mark after Starbuzz began using the Starbuzz Marks for various products.  Therefore, Starbuzz's rights in the Starbuzz Marks have priority over Defendants' rights in the Infringing Mark.

39.     Starbuzz is informed and believes, and on that basis alleges, that Defendants knew of Starbuzz's prior use of the Starbuzz Marks.  Nonetheless,

Defendants adopted and/or used the Infringing Mark to advertise their business and products.

40.     Starbuzz is informed and believes, and on that basis alleges, that given the similar or related nature of Starbuzz's products and the Infringing Products, and the similarity between the Infringing Mark and the Starbuzz Marks, consumers are likely to be confused as to the source of Starbuzz's products and Defendants' products.

41.     Starbuzz is further informed and believes, and on that basis alleges, that Defendants intentionally, and in bad faith, adopted and used the Infringing Mark to trade upon the fame and goodwill associated with the Starbuzz Marks, to deceive consumers, vendors and third parties, to attract new business in competition to Starbuzz, and to derive an economic benefit therefrom.

42.     Defendants knowingly used and continue to use the Infringing Mark without Starbuzz's consent or authorization.

43.     The products that Defendants offer under the Infringing Mark are in the same category of products which Starbuzz offers under the Starbuzz Marks. Therefore, Defendants' use of the Infringing Mark is likely to cause consumer confusion.

44.     Starbuzz and Defendants sell their products online.  Starbuzz and Defendants thus have convergent marketing channels.

45.    Starbuzz is further informed and believes, and on that basis alleges, that Starbuzz and Defendants have convergent marketing channels since they sell and market products within the same geographic area.

46.    Defendants' use of convergent marketing channels increases the likelihood of consumer confusion.

47.    Defendants' continued use of the Infringing Mark is thus likely to lead consumers, retailers, wholesalers, and vendors to mistakenly conclude that Defendants' products are affiliated, connected, or associated with Starbuzz. Consumers are likely to be misled and confused as to the true source, sponsorship, or affiliation of Defendants' products.

48.    Starbuzz never consented, either orally or in writing, to allow Defendants to use trademarks identical or similar to the Starbuzz Marks for any reason, including the marketing and sale of Infringing Products.

49.    Defendants knowingly used and continue to use the Infringing Mark without Starbuzz's consent or authorization.

**FIRST CLAIM FOR RELIEF**
**[Trademark Infringement Under Lanham Act 15 U.S.C. §1114]**
**(Against All Defendants)**

50.    Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 49, inclusive, of this Complaint as if fully set forth herein.

51.    Defendants' use of the Infringing Mark to promote, market, or sell Infringing Products constitutes trademark infringement pursuant to 15 U.S.C. §1114.

52.    Defendants have promoted, sold, and marketed, and continue to promote, sell, and market, Infringing Products using the Infringing Mark, which are identical or confusingly similar to the Starbuzz Marks.

53.    Starbuzz is informed and believes, and on that basis alleges, that its use of the Starbuzz Marks in commerce predates Defendants' use of the Infringing Mark in commerce.

54.    The Starbuzz Marks are highly distinctive, arbitrary and/or fanciful, and are entitled to strong trademark protection.

55.    Defendants continue to promote, sell and market the Infringing Products under the Infringing Mark, in direct competition with Starbuzz's products, which Starbuzz promotes, sells, and markets under the Starbuzz Marks. Defendants therefore use the Infringing Mark on the same, related, or complementary category of goods as Starbuzz.

56.    Defendants' Infringing Mark is so similar in appearance, pronunciation, meaning, and commercial impression to the Starbuzz Marks that consumers are likely to be confused as to the source of the parties' products.

57.     Starbuzz is informed and believes, and on that basis alleges, that Defendants market and sell their products throughout the United States through various channels, including, but not limited to, the internet and retail stores and shops.  These are the same channels through which Starbuzz markets and sells its goods.

58.     Starbuzz is informed and believes, and on that basis alleges, that Defendants intentionally and willfully adopted the Infringing Mark in an effort to deceive or cause confusion with the consuming public.

59.     Defendants' attempts to cause confusion, or to cause mistake, or to deceive further indicate an intentional and willful infringement upon the Starbuzz Marks.

60.     Defendants' continued use of the Infringing Mark also demonstrates Defendants' intentional and willful infringement of the Starbuzz Marks.

61.     Defendants' intentional, continuing, and willful infringement of the Starbuzz Marks has caused and will continue to cause damage to Starbuzz, and is causing irreparable harm to Starbuzz for which there is no adequate remedy at law.

62.     Defendants are directly, contributorily, and/or vicariously liable for these actions.

## SECOND CLAIM FOR RELIEF
### [Trademark Infringement - False Designation of Origin Under Lanham Act 15 U.S.C. §1125(a)(1)(A)]
### (Against All Defendants)

63.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 62, inclusive, of this Complaint as if fully set forth herein.

64.     In connection with Infringing Products, Defendants knowingly and willfully used in commerce, words, terms, names, symbols, or devices, or a combination thereof, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Starbuzz, or as to the origin, sponsorship, or approval of Defendants' goods.

65.     Starbuzz is informed and believes, and on that basis alleges, that Defendants willfully and intentionally created a false or misleading affiliation, connection, or association between Defendants' goods and Starbuzz's goods.

66.     Starbuzz is informed and believes, and on that basis alleges, that Defendants adopted words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Starbuzz Marks, or willfully and intentionally marketed their goods and services with words, terms, names, symbols, or devices, or a combination thereof, similar to the Starbuzz Marks.

67.     Starbuzz is informed and believes, and on that basis alleges, that Starbuzz's use of the Starbuzz Marks in commerce precedes Defendants' use of the Infringing Marks in interstate commerce.

68.     Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts were done with knowledge of Starbuzz's trademarks, and the knowledge that use of such words, terms, names, symbols, or devices, or a combination thereof, was misleading.

69.     Defendants' intentional and willful infringement of Starbuzz's trademarks has caused and will continue to cause damage to Starbuzz and is causing irreparable harm to Starbuzz for which there is no adequate remedy at law.

70.     Starbuzz was damaged by these acts in an amount to be proven at trial.  Defendants' actions have caused and will continue to cause irreparable harm to Starbuzz for which there is no adequate remedy at law. Thus, Starbuzz is also entitled to injunctive and equitable relief against Defendants under the Lanham Act.

71.     Defendants are directly, contributorily, and/ or vicariously liable for these actions.

### THIRD CLAIM FOR RELIEF
### [Unfair Competition – Violation of California
### Business and Professions Code §17200 et seq.]
### (Against All Defendants)

72.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 71 inclusive, of this Complaint as if fully set forth herein.

73.     Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts constitute actionable wrongs under California Business

and Professions Code §17200 *et seq*. in that Defendants' unlawful, unfair, or fraudulent use of words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Starbuzz Marks, create a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Starbuzz's and Defendants' goods.

74.    Starbuzz is informed and believes, and on that basis alleges, that Defendants have offered and continue to market goods using words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Starbuzz Marks, in an attempt to unfairly compete with Starbuzz.

75.    Starbuzz is further informed and believes, and on that basis alleges, that Defendants have also been attempting to unfairly compete with Starbuzz through the use of deceptive and/or misleading advertising.

76.    By reason of the foregoing unlawful acts, Defendants have caused, and continue to cause, substantial and irreparable damage and injury to Starbuzz and to the public.  Defendants have benefited from such unlawful conduct, and will continue to carry out such unlawful conduct and to be unjustly enriched thereby, unless enjoined by this Court.

77.    As a proximate and direct result of Defendants' acts as herein alleged, Starbuzz has sustained damages in an amount to be proven at trial.

78.     Defendants are directly, contributorily and/or vicariously liable for these actions.

### FOURTH CLAIM FOR RELIEF
**[Common Law Trademark Infringement and Unfair Competition]**
**(Against All Defendants)**

79.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 78, inclusive, of this Complaint as if fully set forth herein.

80.     Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts constitute actionable wrongs under the common law in that Defendants' use of the Infringing Mark constitutes an infringement and violation of Starbuzz's rights in its trademarks, and creates a likelihood that Starbuzz's customers, potential customers, and the public generally will be confused or misled as to the source of goods and services because they are likely to believe that Defendants' products are identical to or affiliated with that of Starbuzz.

81.     By reason of the foregoing unlawful acts, Defendants have caused, and continue to cause, substantial and irreparable damage and injury to Starbuzz and to the public.  Defendants have benefited from such unlawful conduct and will continue to carry out such unlawful conduct and to be unjustly enriched thereby unless enjoined by this Court.

82.     As a proximate and direct result of Defendants' acts as herein alleged, Starbuzz has sustained damages in an amount to be proven at trial.

83.     Defendants are directly, contributorily and/or vicariously liable for these actions.

## PRAYER FOR RELIEF

WHEREFORE, Starbuzz respectfully prays for judgment against Defendants as follows:

## ON THE FIRST AND SECOND CLAIMS

1.     An Order finding that Defendants have infringed Starbuzz's intellectual property rights;

2.     An Order requiring Defendants to account for and disgorge any and all profits received by the use of Starbuzz's intellectual property pursuant to 15 U.S.C. §1117(a)(1);

3.     An award of the attorneys' fees and costs of this action, in an amount to be determined at trial, pursuant to 15 U.S.C. §1117(a)(3) and other applicable federal and state law;

4.     An Order directing the recall from the marketplace and destruction of unauthorized materials bearing Starbuzz's trademarks, or any confusingly similar marks, including, but not limited to, the marks BLUE MIST, CITRUS MIST, and MOCHA MIST in any manner, for purposes of advertising or selling, or soliciting

purchases of products or services, or products sold in the course of providing such

services, or any related activities, pursuant to 15 U.S.C. §1118;

5.     A preliminary and permanent injunction, pursuant to 15 U.S.C. §1116,

enjoining and prohibiting Defendants and any of their officers, directors,

employees, agents, subsidiaries, distributors, dealers, and all persons in active

concert or participation with any of them from:

A. Using Starbuzz's trademarks, or any confusingly similar marks,

including, but not limited to, the marks BLUE MIST, CITRUS MIST, and

MOCHA MIST, in any manner, on or in products, merchandise, or goods, or for

purposes of advertising, selling, or soliciting purchases of, products or

merchandise;

B. Infringing on Starbuzz's trademarks;

C. Assisting, aiding, or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs (A)

and (B) above;

6.     An Order requiring Defendants and their agents, servants, and

employees and all persons acting in concert with or for them to file with this Court

and serve on Starbuzz, within thirty (30) days after service of an injunction, a

report in writing, under oath, setting forth in detail the manner and form in which

Defendants have complied with the applicable injunction, pursuant to 15 U.S.C. §1116;

7.     An Order requiring Defendants to withdraw and abandon their trademark application, serial no. 85/846,992, for the infringing MOCHA MIST Trademark or cancelling Defendant's infringing MOCHA MIST Trademark pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, if it proceeds to registration;

8.     Pre-judgment and post-judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

9.     Any other or further relief that the Court deems appropriate, proper, and just.

## ON THE THIRD AND FOURTH CLAIMS

1.     An Order finding that Defendants have infringed Starbuzz's intellectual property rights and unfairly competed with Starbuzz;

2.     Judgment for Starbuzz and against Defendants for actual, special, and consequential damages, in an amount to be proven at trial and for costs incurred in the litigation;

3.     An Order requiring Defendants to account for and disgorge all gains, profits, and advantages from the violations of California State, and common law;

1       4.     A preliminary and permanent injunction, enjoining and prohibiting Defendants and any of their officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from using the marks BLUE MIST, CITRUS MIST, and MOCHA MIST to advertise, solicit business or otherwise compete with Starbuzz.

       5.     Pre-judgment and post-judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

       6.     Any other or further relief that the Court deems appropriate, proper, and just.

DATED: February 4, 2015

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

Natu J. Patel,
Jason Chuan,
Daniel H. Ngai,
Attorneys for Plaintiff
Starbuzz Tobacco, Inc.

1

## **<u>DEMAND FOR TRIAL BY JURY</u>**

2

3     Plaintiff Starbuzz Tobacco, Inc. hereby demands a trial by jury on all

4 issues raised in the Complaint.

5 DATED: February 4, 2015                    Respectfully Submitted,

6                                             **THE PATEL LAW FIRM, P.C.**

7

8                                             Natu J. Patel,

9                                             Jason Chuan,

10                                            Daniel H. Ngai,

11                                            Attorneys for Plaintiff
                                              Starbuzz Tobacco, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28